**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **KAREN SUE SMITH,** | ) | **CASE NO. 1:12CV2280** |
| | ) | |
| Plaintiff, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| vs. | ) | **OPINION AND ORDER** |
| | ) | |
| **COMMISSIONER OF SOCIAL SECURITY,** | ) ) | |
| Defendant. | ) | |

<u>**CHRISTOPHER A. BOYKO, J.**</u>:

This matter comes before the Court upon Plaintiff's Objection (ECF DKT #18) to the Report and Recommendation (ECF DKT #17) of Magistrate Judge Limbert, that the Court affirm the Commissioner's decision denying Plaintiff's Claim for Disability Insurance Benefits ("DIB") and Disabled Widow's Benefits ("DWB"). For the following reasons, the Court ADOPTS Magistrate Judge Limbert's Report and Recommendation and AFFIRMS the Commissioner's denial of Plaintiff's Claim for DIB and DWB.

## **BACKGROUND**

The following is a factual synopsis of Plaintiff's claims. The Magistrate Judge's Report and Recommendation provides a more complete and detailed discussion of the facts. Due to the nature of this case, there is an extensive medical background. For a

complete overview of Plaintiff's medical history, see Magistrate Judge Limbert's Report and Recommendation, which refers to the original Complaint and incorporates all documents in relation to the dispute.

On January 4, 2008, Plaintiff filed applications for DIB and DWB, alleging a disability onset date of July 15, 2007 due to chronic lung problems, heart problems, fibromyalgia, and depression. The Social Security Administration ("SSA") denied Plaintiff's applications initially and on reconsideration. On August 25, 2008, Plaintiff filed a request for an administrative hearing. The hearing took place on July 22, 2010. The Administrative Law Judge ("ALJ") issued a Decision denying benefits. Plaintiff filed a request for review, which the Appeals Council denied. On September 10, 2012, Plaintiff filed the instant suit seeking review of the ALJ's decision.

Plaintiff has alleged errors concerning her conditions of obesity and depression. In her Objections to Magistrate's Report and Recommendation, Plaintiff only objects to the Magistrate's finding that her depression was a non-severe impairment that resulted in no non-exertional limitations due to a lack of objective findings establishing such limitations. The Court will address only the Magistrate's review of the ALJ's finding that Plaintiff's depression was not a severe impairment.

## **STANDARD OF REVIEW**

The Court exercises jurisdiction over the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3). *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 832-33 (6th Cir. 2006). In conducting judicial review, the Court must affirm the Commissioner's conclusions unless the Commissioner failed to apply the correct legal standard or made findings of fact that are unsupported by substantial evidence. *Id. (citing Branham v. Gardner*, 383 F.2d 614, 626-27 (6th Cir. 1967)). "The findings of the [Commissioner] as to any fact if supported by substantial evidence shall be conclusive . . ." *McClanahan*, 474 F.3d at 833 (*citing* 42 U.S.C. § 405(g)). "Substantial

evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *McClanahan*, 474 F.3d at 833 (*citing Besaw v. Sec'y of Health and Human Servs.*, 966 F.2d 1028, 1030 (6th Cir. 1992)). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion . . . This so because there is a 'zone of choice' within which the Commissioner can act, without the fear of court interference." *McClanahan*, 474 F.3d at 833 (*citing Buxton v. Halter,* 246 F.3d 762, 772 (6th Cir. 2001) (citations omitted)).

## **LAW AND ANALYSIS**

Under 42 U.S.C. § 402(e), a widow may qualify for disability benefits if (1) she is the widow of a wage earner who died fully insured, (2) she has attained the age of fifty but not yet sixty, (3) she is disabled as defined in the social security statute, and (4) her disability began before the end of the prescribed period. 42 U.S.C. § 402(e); see also 20 C.F.R. § 404.335. To be eligible for benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. §§ 423(a) & (d), 1382c(a).

The Commissioner uses a five-step sequential evaluation process to evaluate a SSI claim:

1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. §§ 404.1520(b) and 416.920(b) (1992));

2. An individual who does not have a "severe impairment" will not be found to be "disabled" (20 C.F.R. §§ 404.1520(c) and 416.920(c) (1992));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement, see 20 C.F.R. § 404.1509 and 416.909 (1992), and which meets or is equivalent to a listed impairment in 20 C.F.R. Pt. 404, Subpt. P, App. 1, a finding of disabled will be made without consideration of vocational factors (20 C.F.R. §§ 404.1520(d) and 416.920(d) (1992));

4. If an individual is capable of performing the kind of work he or she has done in the past, a finding of "not disabled" must be made (20 C.F.R. §§ 404.1520(e) and 416.920(e) (1992));

> 5. If an individual's impairment is so severe as to preclude the performance of the kind of work he or she has done in the past, other factors including age, education, past work experience and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. §§ 404.1520(f) and 416.920(f) (1992)).

*Hogg v. Sullivan*, 987 F.2d 328, 332 (6th Cir. 1992). The claimant has the evidentiary burden in the first four steps and the Commissioner has the burden in the fifth step. *Moon v. Sullivan*, 923 F.2d 1175, 1181 (6th Cir. 1990).

This Court's scope of review is limited to determining whether substantial evidence supports the findings of the Commissioner and whether the Commissioner applied the correct legal standards. *Abbott v. Sullivan*, 905 F.2d 918, 922 (6th Cir. 1990). The Court cannot reverse the decision of an ALJ, even if substantial evidence exists in the record that would have supported an opposite conclusion, so long as substantial evidence supports the ALJ's conclusion. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir.1997).

In the Magistrate's Report and Recommendation, the Magistrate points out that the ALJ erred in finding that Plaintiff did not report depression or receive medication for her depression. However, the Magistrate Judge determined Plaintiff failed to show more than she was diagnosed with depression. Board certified internist Anthony Finizia, M.D., diagnosed Plaintiff with depression, and treated her, but did not indicate that Plaintiff's depression resulted in functional limitations, or required her to seek further treatment. At Step Two, the ALJ determines whether a claimant's impairments are severe and whether they meet the twelve-month durational requirement. 20 C.F.R. § 404.1520(a). At this Step, the claimant bears the burden of proving the threshold requirement of a "severe impairment." *Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988). The claimant must also show that she suffered from a medically severe impairment or impairments that lasted or could be expected to last for a continuous period of at least twelve months. *Id.*

The Court agrees with the Magistrate Judge that there is no objective medical

evidence or doctor's opinion that shows Plaintiff's depression resulted in any work-related limitations. Dr. Finizia noted in his June 1, 2010 treatment note that Plaintiff's depression and anxiety was controlled on medication. "Without an opinion that a particular impairment 'caused any functional limitation on [a claimant's] ability to work,' an ALJ is entitled to treat the impairment as non-severe and need not include any limitations resulting from it into the residual functional capacity finding." *Henson v. Comm'r of Soc. Sec.*, No. 2:12CV624), 2013 WL 2287088, (May 23, 2013), quoting *Clark v. Astrue*, 2012 WL 3309690, at *10 (N.D. Ohio June 5, 2012), adopted and affirmed, 2012 WL 3309685 (N.D. Ohio Aug. 13, 2012). Therefore, the Court agrees that there was substantial evidence for the ALJ to find at Step Two that Plaintiff's depression was not a severe impairment.

## CONCLUSION

Based upon the foregoing analysis, the Court finds that Plaintiff's Objections are without merit, and the Commissioner's decision denying DIB and DWB benefits is supported by substantial evidence. Therefore, the Magistrate Judge's Report and Recommendation (ECF DKT #17) is ADOPTED and the Commissioner's denial of Plaintiff's Claim for Disability Insurance Benefits and Disabled Widow's Benefits is AFFIRMED.

**IT IS SO ORDERED.**
**DATE: 10/10/13**

                                           s/Christopher A. Boyko
                                           **CHRISTOPHER A. BOYKO**
                                           **United States District Judge**